**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| M.D.F.,<br><br>Plaintiff,<br><br>v.<br><br>XERIS PHARMACEUTICALS, INC.,<br><br>Defendant. | No. 26 CV 10<br><br>Judge Manish S. Shah |

**MEMORANDUM OPINION AND ORDER**

Defendant Xeris Pharmaceuticals manufactures and sells certain liquid-stable injectable medications. One of those is Gvoke, a prescription medication used to treat hypoglycemia in people with diabetes. Plaintiff M.D.F. alleges that Xeris installed tracking tools on the Gvoke website that shared sensitive information about him with third parties like Meta, Google, Microsoft and TikTok. M.D.F. moves to proceed in the case pseudonymously. For the reasons disused below, M.D.F.'s motion is denied.

## I. Legal Standards

Federal Rule of Civil Procedure 10(a) requires a complaint to name all parties. There is a strong presumption against the use of pseudonyms in federal courts. *Doe v. Univ. of S. Ind.*, 172 F.4th 511, 514 (7th Cir. 2026). "Adult litigants may proceed under a pseudonym only if exceptional circumstances outweigh the public's right to open judicial proceedings and the prejudice to the opposing party." *Doe v. Lake Cnty. Sheriff*, No. 25-2668, 2026 WL 2413602, at *1 (7th Cir. Aug. 18, 2026). Exceptional circumstances include a showing of a "substantial risk of harm—either physical harm

or retaliation by third parties." *Doe v. Trs. of Ind. Univ.*, 101 F.4th 485, 491 (7th Cir. 2024).

## II. Facts

Defendant Xeris Pharmaceuticals manufactures and sells pharmaceuticals including Gvoke, a prescription medication used to treat low blood sugar. [1] ¶¶ 3–4.* M.D.F. visited the Gvoke website to obtain information and apply for and download a savings card. [1] ¶ 18–19. Xeris had installed "tracking tools" that collected M.D.F.'s data and transmitted sensitive health information and identifying data to third parties like Meta, Google, Microsoft and TikTok. [1] ¶¶ 19, 21, 66–69.

M.D.F. filed this lawsuit against Xeris, alleging violations under the Electronic Communications Privacy Act, common law invasion of privacy, breach of confidence, breach of fiduciary duty, negligence, breach of implied contract, and unjust enrichment. [1] ¶¶ 141–220. Shortly after filing his complaint, M.D.F. moved to proceed pseudonymously. [5].

## III. Analysis

M.D.F. argues that he should be allowed to proceed pseudonymously based on non-dispositive factors including whether the case involves a highly sensitive and personal matter; whether the movant would suffer harassment, ridicule or embarrassment; and whether the movant's identity has been disclosed to the public. [5] at 3–4. But the Seventh Circuit has rejected the use of a multi-factor approach.

* Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings. The facts are taken from plaintiff's complaint, [1].

*Trs. of Ind. Univ.*, 101 F.4th at 492; *Doe v. Young*, No. 2:23-cv-02280, 2025 WL 927320 at *3 (7th Cir. 2025) ("[W]e have already rejected this approach and held that many of the factors are irrelevant to the determination whether anonymity is appropriate."). M.D.F. may only proceed under a pseudonym if "exceptional circumstances outweigh the public's right to open judicial proceedings and the prejudice to the opposing party." *Lake Cnty. Sheriff*, 2026 WL 2413602, at *1.

M.D.F. fails to articulate a substantial risk of harm that could befall him if he litigates using his name. M.D.F. argues that his "highly sensitive and personal" health information would be disclosed, that he would suffer emotional harm, that he may choose not to pursue the action, that similar litigation in the future may be chilled, that his identity is so far confidential, and that he has no ulterior motives. [5] at 4–8. Disclosure of medical information and emotional harm are not sufficient reasons to proceed pseudonymously, and M.D.F.'s hypothetical choice not to pursue the case is too speculative to show a substantial risk of harm. *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997) ("[T]he fact that a case involves a medical issue is not a sufficient reason for allowing the use of a fictitious name."). M.D.F. also argues that using his name will exacerbate the harm he has experienced and he will suffer a further privacy intrusion. [29] at 3–5. M.D.F. may have less privacy if he litigates this case using his name. But that does not rise to the substantial risk of physical harm or retaliation required to outweigh the prejudice to Xeris and the public's right to open judicial proceedings. *Lake Cnty. Sheriff*, 2026 WL 2413602, at *1.

Xeris argues that it would be prejudiced if M.D.F. uses a pseudonym because it would be unable identify M.D.F. from all the users of its website, that it would be unable to obtain a fair jury trial, and that M.D.F. should not be able to inflict reputational harm on Xeris while shielding himself through anonymity. [24] at 12–13. Xeris's first concern can be solved by M.D.F. providing his name to Xeris and its second concern is premature. [29] at 8. Xeris's third concern weighs against M.D.F.'s use of a pseudonym. Allowing M.D.F. to remain anonymous while inflicting reputational harm on Xeris is prejudicial to Xeris. *See Trs. of Ind. Univ.*, 101 F.4th at 492 ("Why should plaintiffs be free to inflict reputational harm while sheltering themselves from loss if it turns out that their charges are unfounded?").

I also consider the public's right to open judicial proceedings—which are "the norm" in federal litigation. *Id.* at 491. The public "has an interest in knowing the who and the how about the behavior of both judges and those who call on the large subsidy of the legal system." *Id.* M.D.F. has not alleged a substantial risk of harm that overcomes the "strong presumption" that adult litigants will use their real names in federal court and the public's interest in judicial proceedings. *Univ. of S. Ind.*, 172 F.4th at 514; *Doe v. Vill. of Deerfield*, 819 F.3d 372, 376–77 (7th Cir. 2016). If M.D.F. wishes to proceed in this lawsuit, he must use his name.

## IV. Conclusion

Plaintiff's motion to proceed pseudonymously, [5], is denied. If M.D.F. wishes to proceed, his name must be disclosed. If M.D.F. elects not to reveal his name, the complaint will be dismissed. M.D.F. may file a public notice to correct the caption

with his name, without amending his complaint, and the court will proceed to resolve the fully briefed motion to dismiss. M.D.F.'s notice is due by October 6, 2026.

ENTER:

Manish S. Shah
United States District Judge

Date: September 28, 2026